IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Justin D. Brown, | ) | Case No.: 2:23-cv-5573-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Karen W. Barker, Assistant Public | ) | |
| Defender, Stephanie B. Liner, Solicitor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) Plaintiff Justin D. Brown ("Plaintiff" or "Brown"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendant Karen W. Barker, Assistant/Public Defender ("Barker") violated his constitutional rights in her representation of Plaintiff.[2] (DE 1.) Plaintiff is seeking damages and to have his charges dismissed.

Generally, Plaintiff alleges that he and Barker disagree on how Barker should represent Plaintiff. Plaintiff alleges that Barker refuses to file motions that Plaintiff demands she file or to make arguments to the court that Plaintiff believes she should make. Plaintiff also alleges that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Plaintiff also alleges that Barker's representation of him is a conflict of interest because Barker was a bridesmaid in the wedding of the solicitor who is prosecuting him, Defendant Stephanie B. Linder ("Linder"). There are no other substantive allegations against Linder, and therefore, Plaintiff fails to state a claim against Linder upon which relief can be granted.

Barker's representation of him is a conflict of interest because Barker was a bridesmaid for Linder. Plaintiff alleges he has attempted to fire Barker, but the state trial court will not appoint a different lawyer to represent him.  ( DE 1.)  Plaintiff claims that Barker's actions have violated his Sixth Amendment right to effective assistance of counsel, Fifth Amendment right to a bond, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment right to due process.

The Report was issued on November 30, 2023, recommending Plaintiff's Complaint be summarily dismissed without issuance of service of process.  (DE 11.)  On December 18, 2023, Plaintiff objected to the Report.  (DE 15.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (*citing Thomas v. Arn*, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003).  Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff's objections do not address the legal basis for which the Report recommends dismissal, i.e. that Defendants Barker and Linder are not state actors as a matter of law.  Plaintiff

alleges factual reasons for which he believes he should be entitled to relief. For example, he states on July 19, 2023, Barker did not advise him of a preliminary hearing and stated he could not attend (DE 15, p. 1). Further, Plaintiff states, "Mrs. Barker is hired by the state, also is drug courts appointed attorney. She is the reason why I'm facing prison for withholding 3 negative drug tests from others." As to Linder, Plaintiff alleges on August 19, 2023, Linder "slandered, telling Judge I was undermining program, made seem like I was a liar when Judge made me think back of last use, when I really didn't know." (DE 15, p. 3.) Even if any of these allegations are true, there is no legal basis for the claims to proceed against Barker and Linder under § 1983. Therefore, the Court overrules the objections.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 11) and incorporates it here.

It is, therefore, ORDERED that Plaintiff's case is dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 15, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.